IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICIA ANN PATTERSON, | § § | |
| *Petitioner*, | § § | |
| v. | § § | Civil Action No. H-11-2175 |
| RICK THALER, | § § § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas lawsuit challenging her 2009 conviction and four-year sentence for injury to an elderly person. Respondent filed a motion for summary judgment based on expiration of limitations. (Docket Entry No. 33.) Petitioner filed a response. (Docket Entry No. 34.)[1]

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this petition as barred by limitations.

## I. BACKGROUND AND CLAIMS

Petitioner pleaded guilty to the felony offense of injury to an elderly person and was sentenced to four years incarceration on September 9, 2009. No direct appeal was taken. Petitioner's two applications for state habeas relief, filed on October 4 and October 22, 2010,

---

[1] Petitioner subsequently filed two additional "responses" without leave of court. (Docket Entries No. 46, 49.) As these responses were untimely and filed without leave of court, they will not be considered by the Court.

were denied by the Texas Court of Criminal Appeals on May 4, 2011. *Ex parte Patterson*, No. 75,724-01 and No. 75,724-02.

Petitioner filed the instant petition on May 18, 2011, claiming that her trial counsel was ineffective, that her guilty plea violated her protections against self-incrimination, and that her plea was coerced and involuntary.[2] Respondent argues that petitioner's claims should be dismissed as barred by limitations.

## II. ANALYSIS

The petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] Petitioner attempted to file an amended/supplemental petition (Docket Entry No. 14), but it is unsigned and not properly before the Court. Petitioner also filed a document entitled, "Petitioner's Final Arguments" (Docket Entry No. 24), but she acknowledged within the pleading that she had not served a copy on opposing counsel, and the document is not properly before the Court.

2

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2). Petitioner pleaded guilty and was sentenced on September 9, 2009. No direct appeal was taken. Accordingly, petitioner's conviction became "final" for purposes of the federal statute of limitations thirty days later, on October 9, 2009, and limitations expired one year later, on October 9, 2010, barring the filing of a properly filed application for state habeas relief to toll the running of limitations. *See Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).

Petitioner filed her first and second applications for state habeas relief on October 4, 2010, and October 22, 2010, and they were denied by the Texas Court of Criminal Appeals on May 4, 2011. Her first state habeas application was filed five days before limitations expired; accordingly, when the state application was denied on May 4, 2011, petitioner had

until May 9, 2011, to file a timely federal habeas petition. However, she did not file the instant petition until May 18, 2011,[3] nine days late, and the petition is barred by limitations.

The record does not reflect that any unconstitutional "state action" impeded petitioner from filing a timely federal habeas petition. 28 U.S.C. § 2244(d)(1)(B). Nor does petitioner or the record show that she could not have discovered the factual predicate of her claims until a date subsequent to the date her conviction became final. 28 U.S.C. § 2244(d)(1)(D). Further, her claims do not involve a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C).

Petitioner did not address the issue of limitations in her response to the motion for summary judgment. (Docket Entry No. 34.) In the interest of justice, the Court has reviewed petitioner's untimely and/or non-compliant responses, and finds no allegations or grounds for equitable tolling. To any extent petitioner may argue that she continued to experience medical or psychological conditions or disabilities, she does not show that any of these problems prevented her from filing a timely federal habeas petition, or that she was unable to pursue litigation to protect her rights. To the contrary, public records show that petitioner has filed and prosecuted numerous other federal lawsuits and appeals both prior to, and after,

---

[3] Respondent has submitted sworn copies of outgoing mail records for petitioner's prison unit covering the time period from May 12, 2011, through May 20, 2011. These records show that, regardless of the date petitioner signed her federal petition, she did not give her petition to mail room employees for filing until May 18, 2011. (Docket Entry No. 33, Exhibit A.)

4

the filing of the instant case. *See Patterson v. Harris County Jail*, No. 09-20390 (5th Cir. 2010); *Patterson v. Guard Pete*, C.A. No. W-12-0174 (W.D. Tex. 2012); *Patterson v. Thaler*, C.A. No. W-11-0196 (W.D. Tex. 2011); *Patterson v. Gonzales*, C.A. No. W-11-0142 (W.D. Tex. 2011); *Patterson v. Jones*, C.A. No. W-11-0122 (W.D. Tex. 2011); *Patterson v. Thaler*, C.A. No. H-10-3894 (S.D. Tex. 2010); *Patterson v. Harris County Jail*, C.A. No. H-09-1516 (S.D. Tex. 2009); *Patterson v. Garcia*, C.A. No. H-09-1171 (S.D. Tex. 2009); *Patterson v. Dretke*, C.A. No. W-03-0208 (W.D. Tex. 2003); *Patterson v. Johnson*, C.A. No. W-00-0262 (W.D. Tex. 2000).

The record and probative summary judgment evidence show that the instant petition is barred by the federal one-year statute of limitations, and respondent is entitled to summary judgment dismissal of petitioner's claims.

## III. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 33) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE** as barred by limitations. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 11th day of July, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE